IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>      Plaintiff,<br><br>      v.<br><br>Bank One Corporation; Equifax Information Services, LLC; Trans Union, LLC; Experian Information Solutions, Inc.,<br><br>      Defendant. | No. 06-cv-02932<br>Judge Franklin U. Valderrama |

### ORDER

Before the Court are Plaintiff John Doe's (1) motions to seal (R. 49, R. 52, R. 54[1]); (2) motion to seal the Court record or alternatively replace Plaintiff's name in the caption and direct the Clerk to redact all identifying characteristics from the docket (Motion to Seal Court Record) (R. 50, Mot. Seal Record); (3) supplemental motion in support of ex parte motion to seal records (Supplemental Motion) (R. 53, Suppl. Mot.)[2]; and (4) supplemental memorandum of points and authorities in support of ex parte motion to seal record (Supplemental Authority) (R. 55, Suppl. Auth.).

The Court grants Plaintiff's motions to file under seal (R. 49, R. 52, R. 54). Because the Court finds that Plaintiff has not sufficiently shown that the Court should seal the entire record, but that Plaintiff has shown good cause to redact his address and email address and replace his name with "John Doe" on the public docket, the Court grants his Motion to Seal Court Record (R. 50) in part and denies it in part.

---

[1] Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

[2] Although the Supplemental Motion is titled as a motion, it was not filed as a motion on the docket; accordingly, the Court considers it simply as a supplement to the Motion to Seal Court Record rather than as an independent motion.

STATEMENT

*Background*

    Through his Motion to Seal Court Record and Supplemental Motion, Plaintiff seeks to seal the record and replace his name with "John Doe." Mot. Seal Record at 18. Plaintiff explains that he is protected under California Code of Civil Procedure § 367.3 and California Government Code § 6205 (the Safe at Home Program) which allows crime victims to keep their names and identifying information confidential. *Id.* at 1, 3–4. In support, Plaintiff has attached proof of his participation in the Safe at Home Program, a letter confirming his California Department of Motor Vehicles (DMV) records have been suppressed due to being a participant in the program, and a photograph demonstrating the ongoing threats of physical violence he has received. Mot. Seal Record at 18 (declaration of Plaintiff that he is a participant in the Safe at Home program); *id.* at 20 (certificate of California Secretary of State); *id.* at 22 (DMV letter); Suppl. Mot. at Exh. N (photograph of threat received by Plaintiff on June 11, 2021); Exh. P (photograph of interview of Plaintiff following break-in at Plaintiff's home in 2017). Additionally, as part of his Supplemental Memorandum and Supplemental Authority, Plaintiff requests that the Court take judicial notice of several dozen other court decisions sealing or redacting his information. Suppl. Memo. at 4–6; Suppl. Auth. at 3 n.2. The Court grants the request and considers those orders. [3]

*Court's Jurisdiction Over Plaintiff's Motions*

    As a preliminary matter, because Plaintiff's case was voluntarily dismissed [43] and terminated [45] in 2006, the better course of action would have been for Plaintiff to move to vacate the dismissal order and reinstate the case. However, because the Court determines Plaintiff's substantive request to seal the Court record or alternatively replace his name, to be an "independent proceeding[] supplemental to the original proceeding and not a request for a modification of the original decree," the Court therefore retains jurisdiction to resolve it. *Nelson v. Chertoff*, 2010 WL 1856192, at *2 (N.D. Ill. May 10, 2010), *aff'd sub nom. Nelson v. Napolitano*, 657 F.3d 586, 588 (7th Cir. 2011) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)).

---

[3]The Court may take "judicial notice of matters which are so commonly known within the community as to be indisputable among reasonable men, or which are capable of certain verification through recourse to reliable authority." *McCray v. Hermen*, 2000 WL 684197, at *2 n.1 (N.D. Ill. May 23, 2000) (quoting *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983)). "Included in these matters are 'proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.'" *Id.* (quoting same); *see also Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012) ("Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment.").

*Applicable Law*

Although Plaintiff asks this Court to apply California law, the case he cites does not support his position. Plaintiff relies on *Maldonado v. Sec'y of Calif. Dep't of Corr. & Rehab.*, 2007 WL 4249811, at *5 (E.D. Cal. Nov. 30, 2007), for the proposition that the Court should apply California law to seal his case. Mot. Seal Record at 16. However, *Maldonado* is distinguishable because it involved an ongoing case with mixed questions of state and federal law. *Maldonado*, 2007 WL 4249811, at *2. Here, however, Plaintiff's case has been closed for over fifteen years. *See* R. 45. Even when it was active, it involved only questions of federal and Illinois law, not California law. California law does not apply here, rather, this Court applies Seventh Circuit rules governing the use of pseudonyms and sealing cases.

*Sealing the Entire Case*

After reviewing the Motion to Seal Record, Supplemental Motion, and Supplemental Authority, the Court denies Plaintiff's request to seal the entire record, as have courts in several well-reasoned decisions of which Plaintiff requested that the Court take judicial notice. *See, e.g.*, *Doe v. L. Offs. of Winn & Sims*, 2021 WL 2662311, at *1 (S.D. Cal. June 29, 2021); *Doe v. Collectco, Inc.*, Docket No. 20, 2:06-cv-00244-JCM-DJA (D. Nev. July 27, 2021). A court should permit the sealing of documents only if there is good cause to do so, that is, the privacy interests of the movant outweigh the interests of the public in full transparency of the judiciary. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The decision of whether good cause exists to file a document under seal rests with the Court. *See Id.* ("The determination of good cause cannot be eluded by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal."). Moreover, any order sealing documents should be "narrowly tailored" to serve those compelling reasons. *Rahman v. Chertoff*, 2007 WL 2892972, at *4 (N.D. Ill. Sept. 28, 2007) (citing *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994)); *see also In re Bank One Sec. Litig.*, 222 F.R.D. 582, 587 (N.D. Ill. 2004) ("The Seventh Circuit routinely discourages the sealing of entire pleadings and briefs.") (citing *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 30 (7th Cir. 1995); *In re Krynicki*, 983 F.2d 74, 75 (7th Cir.1992)); *Marcial v. Rush Univ. Med. Ctr.*, 2018 WL 4144634, at *5 (N.D. Ill. Aug. 30, 2018) (denying motion to seal documents in their entirety when redactions could protect moving party's privacy interests); *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) ("[T]he decision to seal the entire record of the case ... must be 'necessitated by a compelling governmental interest [ ] and [be] narrowly tailored to that interest.'" (second and third brackets in original) (citation omitted)). Here, sealing the entire record would be overbroad and undermine the "strong presumption" favoring the public's interest in this case, a Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* lawsuit against a bank and three credit

3

reporting services. *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 585 (N.D. Ill. 2004); *see Zahran v. Trans Union Corp.*, 2002 WL 31010822, at *1 (N.D. Ill. Sept. 9, 2002).

*Proceeding via Pseudonym*

The Court finds however, that Plaintiff has shown sufficient reasons to redact his personal information from the record. Under Federal Rule of Civil Procedure 10(a), the title of every "complaint must name all the parties," and a plaintiff's use of a fictitious name is contrary to the principle that "[j]udicial proceedings are supposed to be open . . . in order to enable the proceedings to be monitored by the public." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) (citations omitted). Therefore, "[t]he presumption that parties' identities are public information." *Id.* Nevertheless, the Seventh Circuit permits parties to proceed anonymously that presumption, as well as possible prejudice to the opposing party, "can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *Id.* (citations omitted); *see also Doe v. Cook Cty., Illinois,* 2021 WL 2258313, at *3 (N.D. Ill. June 3, 2021). The use of a pseudonym may be appropriate where a party faces a "risk of serious bodily harm." *Reimann v. Hanley*, 2016 WL 5792679, at *5 (N.D. Ill. Oct. 4, 2016) (citing *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1980); *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (a plaintiff should be allowed to proceed anonymously only in exceptional cases, including those involving "real danger or physical harm")). The decision of whether to allow a party to remain anonymous a matter of the court's discretion. " *See HTG Cap. Partners, LLC v. Doe(s)*, 2015 WL 5611333, at *8 (N.D. Ill. Sept. 22, 2015) (citing *K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997)).

Although the Safe at Home Program is not able to delete information that already exists in public records, it provides that "participants should request that confidential information on public records be replaced by their Safe at home designated mailing address." *See* Frequently Asked Questions, CALIFORNIA SECRETARY OF STATE, www.sos.ca.gov/registries/safe-home/frequently-asked-questions1 (last visited Jan. 11, 2022). As noted above, in *Doe v. L. Offs. of Winn & Sims*, 2021 WL 2662311, another case which Plaintiff requested to seal, the court found that Plaintiff had not provided sufficient reasons to seal his entire record. However, it found that his participation in the California Safe at Home Program was reason to remove his address from the record and replace his name with "John Doe." *Id.* (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000)); *see also Doe v. Collectco, Inc.*, Docket No. 20 at 4–5, 2:06-cv-00244-JCM-DJA (same). The Southern District of California court and District of Nevada court both directed the Clerk of Court to replace Plaintiff's address on the docket with his Safe at Home address, replace certain documents with redacted versions, and to replace Plaintiff's name with "John Doe." Here too, the Court finds that Plaintiff has demonstrated that he is in real danger of physical harm if the Court denies his request to change his name on the case caption and redact his personally identifying

information, specifically his address and his email address. Plaintiff has provided evidence of his participation in the Safe at Home Program, of a threat, and of his connection with a criminal event. And through his motions, Plaintiff seeks to follow the recommendations of the Safe at Home Program, asking—in the alternative to sealing—for the Court to replace his name with "John Doe" and redact his addresses. Although Plaintiff has not provided sufficient reasons to seal the entire record, he has provided enough for the Court to replace his address on public documents with his Safe at Home address, to redact his name, address, and email, and to replace his name with "John Doe" on the public docket.

      Therefore, for the foregoing reasons, the Court grants Plaintiff's Motion to Seal Court Record (R. [50]) in part and denies it in part. The clerk is directed to replace all references to Plaintiff's name with "John Doe" on the docket. Additionally, the clerk is directed to seal R. [47], as it includes Plaintiff's address. A redacted version of R. [47] is attached to this Order as Exhibit 1. If Plaintiff wishes for his name to be redacted from any other publicly filed documents, he must file a motion so requesting and attach to his motion redacted versions of each document he wishes to redact. If he chooses to do so, the Court reminds Plaintiff that only his personal identifying information (his name, address, and email address) may be redacted from any publicly filed document.

Date: January 31, 2022

                                                  United States District Judge
                                                  Franklin U. Valderrama