

**FILED**
OCT 17 2012
THOMAS G BRUTON
CLERK, U S DISTRICT COURT

Pro Per

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ▇▇▇▇▇▇▇▇▇▇▇, <br> Plaintiff <br> vs. <br> BANK ONE CORPORATION, EQUIFAX INFORMATION SERVICES, LLC, TRANS UNION, LLC and EXPERIAN INFORMATION SOLUTIONS, INC., <br> Defendants. | Case No.: 06-C-2932 <br><br> Judge Manning <br> Magistrate Judge Cole <br><br> MOTION TO SEAL PARTIAL RECORD |

PLEASE TAKE NOTICE, PLAINTIFF, ▇▇▇▇▇▇▇▇, hereby files his motion to seal a portion of the record containing private information.

## INTRODUCTION

Plaintiff's specially appears before this court since the case has resolved and seeks only to seal a portion of the record. Specifically, Plaintiff was recently notified his former counsel filed a complaint with a financial account number. Specifically, Plaintiff's counsel initially filed this case lodging Plaintiff's social security number as a public record. Plaintiff's counsel moved to seal the complaint. Document 32. However, counsel filed the Corrected Complaint with financial account information. Document 13, page 9, contains a financial account number and should be sealed since Federal Rule of Civil

Procedure Rule § 5.2 (a)(4) precludes such from being a public record. The financial account number is not exempted under § 5.2(d) and therefore should be sealed.

## I. THE PARTIAL RECORD SHOULD BE SEALED SINCE PRIVATE INFORMATION IS PRESENT IN THE RECORD

Privacy rights, along with trade secrets and other limited types of rights, have long been held to warrant sealing of records. *See, e.g., Nixon v. Warner Communications, Inc.*, 435 U.S. at 598; *Brown & Williamson Tobacco Corp. v. F.T.C.* (6th Cir. 1983) 710 F.2d 1165, 117 cert. denied, 465 U.S. 1100 (1984).

Federal Rule of Civil Procedure Rule § 5.2 states in pertinent part,

> (a) Redacted Filings. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
> (1) the last four digits of the social-security number and taxpayer-identification number;
> (2) the year of the individual's birth;
> (3) the minor's initials; and
> (4) <u>the last four digits of the financial-account number</u>. (Emphasis added)

Rule 5.2(e) provides, inter alia, that "[f]or good cause, the court may by order in a case...require redaction" of documents filed with the court. Fed. R. Civ. P. 5.2(d) and (e).

Since it appears redaction post scanning into PACER is impossible, Plaintiff requests this court seal Document 13.

### CONCLUSION

It is for the above reasons this motion should be granted since the record sought to be sealed is within the scope of an expectation of privacy. As such Plaintiff requests this motion is granted.

Dated:      October 13, 2012                    Respectfully submitted,

                                                Darren Chaker
                                                Plaintiff

MOTION TO SEAL PARTIAL RECORD - 2

## Case No. 06-C-2932
## PROOF OF SERVICE BY MAIL

I the undersigned declares as follows: I am in the County of San Diego, State of CALIFORNIA where this mailing will occur; I am over the age of eighteen (18) years and not a party to the cause; my business address is 1140 Wall Street, # 77, La Jolla, Ca 92038.

I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service, and the fact that the correspondence will be deposited with the United States Postal Service that same day in the ordinary course of business.

On October 13, 2012, I served the foregoing **MOTION TO SEAL PARTIAL RECORD** on the interested parties in this action by placing the correspondence in a sealed envelope on this date in the County of San Diego, and placing it for deposit with the United States Postal Service. This sealed envelope with postage fully prepaid was then placed for collection and mailing on this date following ordinary business practices addressed as follows:

Clerk of the Court
U.S. District Court
219 South Dearborn Street
Chicago, IL 60604

Albert Edward Hartmann, Chad Jay Shifri, Monica L. Thompson DLA Piper US LLP IL
203 North LaSalle Street 20th Floor
Chicago, IL 60601

Erin Kelly McAllister McGuireWoods LLP
77 West Wacker Drive Suite 4100
Chicago, IL 60601

Dabeer M. Roshanali JPMorgan Chase
One Bank One Plaza Suite 286
Chicago, IL 60670-0292

John Matthew Wright 1732 Dobson ST
Evanston, IL 60202

I certify and declare under penalty of perjury under the laws of the United States of America and State of California that the foregoing is true and correct.

Executed October 13, 2012, at Coronado, California.